**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **NINJA TRANSFERS, LLC** | : | Civil Action |
| 2727 Commerce Way, Box 100 | : | |
| Philadelphia, PA 19154 | : | |
| | : | No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **DTF, LLC d/b/a NEXTDAYDTF.COM** | : | |
| 4641 Northwest Pkwy, Ste 1 | : | |
| Hillard, OH 43026 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

**AND NOW**, Comes, Plaintiff Ninja Transfers, LLC ("NT" or the "Plaintiff") by and through its undersigned counsel, Kaminsky Law, LLC, and hereby avers as follows in its Complaint against Defendant DTF, LLC d/b/a www.NextDayDTF.com ("NDDTF" or "Defendant"):

### I.   SUMMARY

1.     Plaintiff NT is an e-commerce company that owns and operates www.ninjatransfers.com ("NT website"). Through the NT website, customers can create and order custom-designed direct to film ("DTF") transfers and other products, such as DTF sheets, and DTF supplies (collectively "DTF products").

2.     NT has expended substantial resources designing the NT website, creating the content on the NT website, and marketing and promoting its products and services under the trademark "Ninja Transfers" (the "NT trademark" as defined more fully below). At all times material hereto, NT has developed a reputation for its creative and innovative website, for its

original designs, for the quality of its custom printing, and customer service.  NT has appears in search engines as a top retailer and has shipped over one million units of various DTF products since its inception.  As a result, the NT trademark has become synonymous with NT's high-quality custom-designed products and related services.

3.       NT's commitment to excellence in its products and customer service is such that it prominently streams live, uncensored customer reviews on the NT website. As of January 30, 2024, NT has over fourteen thousand (14,000) five (5) star reviews for its products and services from customers who ordered DTF products from NT and indicated that they would order from NT again.  NT has built its business and developed significant goodwill in the NT website and the NT trademark on its stellar and completely transparent customer satisfaction record.

4.       Upon information and belief, Defendant DTF, LLC is an e-commerce company that does business as "Next Day DTF" and owns and operates www.nextdaydtf.com (the "NDDTF website"), a competitor of NT in the DTF products marketplace.  However, upon a close review of the NDDTF website, it is obvious that it is simply a copy of the NT website, with much of NT's text, images, designs, design layout, blogs, and links still intact.  As detailed more fully below, NDDTF has traded on NT's work and development, and now attempts to trade on the goodwill developed by NT in the industry.  Perhaps most egregiously, NDDTF is doing so using false advertising, misrepresentations, and by brazenly copying NT.

5.       This action arises out of Defendant's intentional, prominent, systematic, and unlawful encroachment on NT's business by, among other acts:

     a.  its use of terms that are substantially indistinguishable from and/or confusingly similar to NT's federally registered NT trademark – on search engines and in advertising;

     b.  its intentional misrepresentations about NT to consumers made for the express purpose of diverting business from NT to itself;

     c.  its intentional copying of NT's proprietary two-dimensional graphic designs,

> text, layouts, ideas, concepts, and the "look and feel" of the NT website;
>
> d. its blatant copying of NT's videos that show NT's offices, employees, warehouse, and processes, and in some instances adding NDDTF's watermark to NT's videos; and
>
> e. its false and deceptive advertising and marketing of its services, including, without limitation, promoting materially incomplete and misleading "Thousands of 5 Star DTF Transfer Reviews" and "customer satisfaction" data, engaging in deceptive and/or misrepresenting pricing and discounting practices, and making false representations in comparison to NT.

6.      Defendant is engaging in such conduct to improperly trade-off of the extensive goodwill NT has developed in the NT trademark and deceptively and falsely trading-off of NT's name, to increase its market share in the DTF products marketplace by purposefully confusing consumers searching for the NT's DTF products and/or NT website misdirecting them to the NDDTF website, and creating the false and erroneous impression that the products and services provided by Defendant through the NDDTF website are comparable and/or discounted from NT's—when in fact they are not—and/or are approved, sponsored and/or endorsed by NT.

7.      In fact, Defendant knowingly and intentionally engaged in the unauthorized copying and reproduction of the NT website, and despite demands that NDDTF cease such conduct, NDDTF's conduct as detailed herein continues.

8.      Upon information and belief, such conduct by Defendant has generated and continues to generate substantial revenue for NDDTF, at the expense of and by trading off of the NT trademark, the NT website, and the goodwill developed therein.

9.      Such conduct has caused NT to incur substantial financial expenditures and losses as a result of Defendant's actions.

10.      Accordingly, NT brings this action for injunctive relief and damages for Defendant's infringement of the NT trademark in violation of 15 U.S.C. § 1114; unfair competition and false designation of origin in violation of 15 U.S.C. § 1125; false and deceptive advertising in

violation of 15 U.S.C. § 1125; trademark infringement under the common law of Pennsylvania; and deceptive or misleading advertising and practices in violation of the statutory law of Pennsylvania.

## II.     THE PARTIES

11.     Plaintiff, Ninja Transfers, LLC ("NT" or "Plaintiff") is a Pennsylvania Limited Liability Company with its principal place of business located at 2727 Commerce Way, Box 100, Philadelphia, PA 19154.

12.     Defendant DTF, LLC d/b/a Next Day DTF ("NDDTF" or "Defendant") is an Ohio Limited Liability Company located at 4641 Northwest Pkwy, Ste 1, Hillard, OH 43026.

## III.     JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over NT's Lanham Act claims pursuant to 28 U.S.C. § 1331 and over remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

14.     Further, this Court has subject matter jurisdiction as the amount in controversy exceeds $75,000 and the parties are citizens of different States.

15.     This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the benefits of this forum by, among other things, engaging in substantial, continuous and systematic activities within this district. Defendant maintains an interactive e-commerce website - the NDDTF website - through which it regularly transacts business with consumers located within this district, and Defendant directs search engine advertisements for its services to consumers located within this district. Furthermore, Defendant has directed its unlawful conduct to NT, which resides in this district.

16.     By way of limited example only, Defendant has sold and shipped DTF products to Philadelphia, PA. *See* Order attached hereto as **Exhibit A**.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff is located in this district, Defendant's harm is directed to this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### IV.     FACTS RELATED TO ALL COUNTS

18.     As set forth in the summary above, NT is a Philadelphia-based company that engages in the e-commerce sale of DTF products on the NT website, www.ninjatransfers.com.

19.     NT owns the federal trademark for the term "Ninja Transfers" registered with the United States Trademark Principal Register as U.S. Serial Number: 97888548 and U.S. Registration Number: 7183060, as well as a separate pending registration for a stylized "Ninja Transfers" as U.S. Serial Number: 98243696. A true and correct copy of the publicly available registration data for NT trademarks is attached hereto as **Exhibit B**.

20.     At all times material hereto, NT has been continuously marketing, promoting, and selling DTF products and related services on the NT website, under the NT trademark, and the NT trademark is among NT's most important assets.

21.     As a result of these efforts, the significant resources NT has devoted to promoting its DTF products and related services under the NT trademark, and NT's high-quality products and services offered under the NT trademark have received, the NT trademark has achieved strong consumer recognition.

22.     Further, NT designs, creates, and acquires proprietary two-dimensional graphic designs, website designs, website text, product descriptions, process descriptions, look and feel, and various other elements of the NT website (collectively the "intellectual property") for use by consumers of the NT website, which are original works of authorship.

23.     NDDTF is a competitor of NT in the e-commerce sale of DTF products and

provides products and services that are similar to those of NT.

24.     Upon information and belief, at all times relevant hereto, Defendant has had actual and constructive knowledge about NT's exclusive right to its trademark and intellectual property.

25.     Further, as detailed more fully below, Defendant has actively and purposefully copied the NT website, in some instances failing to update links, text, or images—making it obvious that the NDDTF website was created by literally creating a copy of the NT website.

### Defendant's Trademark Infringement

26.     Defendant is intentionally and prominently using the term "Ninja Transfer" and "Ninja Transfers", which is substantially indistinguishable from and/or confusingly similar to the NT trademark - in the headings and text of paid search engine advertisements, in a manner intended to both (a) misdirect consumers searching for the NT website to the NDDTF website, and (b) create a false and erroneous impression that the products and services provided by Defendant through the NDDTF website are substantially cheaper than NT's. See below:

**Sponsored**

nextdaydtf.com
https://www.nextdaydtf.com   ⋮



**Considering Ninja Transfers? - Try NextDayDTF and Save 50%**

Stop overpaying for DTF transfers! NextDayDTF is here for all your needs! Multiple Payment Options. Chat Support Available.

Free Sample · DTF Transfers By Size · DTF Gang Sheet Transfers · Ready To Press Transfers

**Sponsored**

nextdaydtf.com
https://www.nextdaydtf.com   ⋮



**Stop Overpaying Ninja Transfer | Try NextDayDTF and Save 50%**

Stop overpaying for DTF **transfers**! Why overpay when you could get better service for less? Multiple Payment Options. Chat Support Available.

DTF Transfers By Size · Free Sample · DTF Gang Sheet Transfers · Ready To Press Transfers

27.     Defendant's prominent and lead use of the term "Ninja Transfer"  and "Ninja

Transfers" in the headings of its paid search engine advertisements, as shown above, in many instances appeared directly above NT's own paid search engine advertisements and/or links to the NT website - is intended to misdirect consumers in search of the NT website to the NDDTF website and otherwise create the false and erroneous impression that the products and services provided by Defendant through the NDDTF website have been approved, sponsored and/or endorsed by NT, or are in some way connected or affiliated with NT and/or the NT website.

### False Price Advertising

28.     Assuming *arguendo* that NDDTF's advertising seeks to legitimately compare itself to NT, such efforts still fail.  Specifically, in seeking to compare to NT, NDDTF falsely represents and implies that NT's customers are "overpaying" and would "save 50%" if they "Try NextDayDTF" instead of NT.

29.     However, such claim is demonstrably false, as NDDTF's prices are rarely, if ever cheaper than NT's.  In fact, for most customers ordering large quantities of DTF products, NT was substantially cheaper than NDDTF—often more than 50%.

30.     By way of limited example only, NT performed a price comparison for a sample of NT vs. NDDTF's pricing and was unable to find a single instance where a customer would be saving 50% by using NDDTF instead of NT:

| Size | NT's Price | NDDTF's Price |
|------|------------|---------------|
| 2" x 2" | $1.99 for 1-14, $.90 for 100+ | $1.49 irrespective of quantity |
| 3" x 3" | $2.49 for 1-14, $1.12 for 100+ | $2.49 irrespective of quantity |
| 4" x 4" | $2.99 for 1-14, $1.35 for 100+ | $2.99 irrespective of quantity |
| 6" x 6" | $4.99 for 1-14, $2.25 for 100+ | $3.49 irrespective of quantity |

31.     Accordingly, NDDTF's practices in this regard are misleading, deceptive, false, unacceptable, unfair, and harmful in any competitive environment.

32.     Upon information and belief, Defendant has also engaged in these false advertising and deceptive trade practices in an unlawful effort to confuse and mislead customers to increase its share of the DTF transfer market.

### NDDTF copied NT's website, images, text and Look and Feel of the Website

33.     In many respects, the NDDTF website imitates the NT website and/or copies the NT website **word-for-word** and utilizes the same style and layout—and in some cases NT's exact text, links, images, and videos—making it obvious that NDDTF copied NT in order to create its website.

34.     By way of limited example, the NDDTF website uses the same heading as the NT website it has "Thousands of 5 Star DTF Transfer Reviews", which as detailed more fully below is also demonstrably false. *See* screenshot below:[1]



35.     By way of further limited example, when scrolling down the NDDTF website's main page other headings and content also contain **word-for-word** or extremely similar copies of the text and layout of the NT website, such as the ordering process, FAQ section, and blog, all of

---

[1] For all side-by-side comparison screenshots, the NDDTF website is on the left and the NT website is on the right.

which appear virtual identical to the NT website. *See* screenshots below:



36.     Further, and as additional evidence that NDDTF blatantly copied the NT website to create its own, NDDTF uses NT's exact **word-for-word** text in various sections of the NDDTF website such as the "Features", "Pressing Instructions", "Shipping & Returns", and "Refunds &

Reprints" sections in its product detail pages. *See* screenshots below:





37.    By way of further limited example, NDDTF used NT's images for the NDDTF website that were designed and created by NT, making either minor changes or no changes at all before replicating them on their own website. *See* screenshots below:











38.     By way of further limited example, NDDTF took NT's videos, showing NT's offices, employees, warehouse, and processes, and re-posted the videos as their own—in at least one instance, ***added NDDTF's watermark to NT's video***. Screenshot below:[2]



39.     In fact, it appears that NDDTF is operated out of a garage with a one or two printing machines, as evidenced by the videos posted on NDDTF's social media.  *See* screenshot below:

---

[2] The video can be accessed on YouTube at: https://www.youtube.com/watch?v=uhamlDf8jQ8



40.     These examples make it abundantly clear that NDDTF brazenly and blatantly copied the "Look and Feel" as well as the exact content from the NT website to create their own site, image, and brand—and to cause customer confusion, to harm NT, and to divert customers seeking to purchase products from NT.

41.     Further, such conduct has caused NT harm as NT creates images and text for its website at substantial expense.  Setting aside the blatant infringement thereof, such images and text are supposed to be unique for various search engine optimization purposes, and are now duplicative and must be changed to avoid harm to NT's standing online.

42.     As a result, NT has had to expend resources to remove text and images from its website and to create new and distinct text and images and to rebuild its own website in an effort to avoid customer confusion.

13

**NDDTF falsifies its reviews**

43.   Recognizing the value of marketing itself as having thousands of five star reviews—which NT actually has—and in order to give the false impression that it has substantial customer support and interaction, NDDTF prominently touts that it has "Over 5,000+ reviews" and purports to post "Thousands of 5 Star DTF Transfer Reviews". Despite NDDTF's claim of "Over 5,000+ reviews" only a fraction *(approximately seven)* of NDDTF's purported "Over 5,000+ reviews" are actually posted on the NDDTF website.  *See* screenshot of the NDDTF website is below and screenshots of NDDTF's seven (7) reviews are attached hereto as **Exhibit C**:



44.   Further upon review of NDDTF's social media and other online postings, it is clear that it does not even have ten (10) reviews, let alone "thousands".  Further, the reviews it does show on the NDDTF website are not found anywhere else on the internet and are thus also believed to be fabricated.

45.   Likewise, in its various social media accounts, NDDTF engages in false and

deceptive advertising related to:

      a.      The quality of their inks, identifying them as "the best ink" and "custom engineered inks" that "are simply better than others";

      b.      The quality of their DTF transfers, calling them the "best" and the "best quality DTF transfers"; and

      c.      The volume of their business, by representing that they print "10,000+" and "50k+" DTF transfers every day.

46.     The clear commercial impression of NDDTF's advertising and promotional claims is that it has superior quality and an extremely large volume of orders than every other DTF printer, including, without limitation, NT.

47.     Upon information and belief, these advertising and promotional claims made by NDDTF are false, as NT's quality, volume, and ink is as good or better than that of NDDTF.

48.     Such conduct is clearly false and misleading and further evidence's NDDTF's blatant attempt to copy the NT website and trade on NT's intellectual property.

49.     Further still, NDDTF misrepresents that it engages in same day shipping if ordered by 4PM, and that it has 24/7 customer support.

50.     By way of limited example only, when Plaintiff's agent ordered DTF transfers from NDDTF, on January 12, 2024—at 12:44PM, and paid $25.99 extra for "Next Day Delivery" the DTF transfers arrived four days later, on January 16, 2024. *See* Ex. A.

51.     Notably, the order number itself #1299 indicates that NDDTF has not even printed 1500 orders, let alone 10000+ or 50000+.

52.     Moreover, when Plaintiff's agent contacted NDDTF seeking an explanation or reimbursement due to the misrepresentation about the next day delivery, the email correspondence

was ignored by NDDTF.

53.     Accordingly, in addition to the various claims made on the NDDTF website, the name "Next Day DTF" itself is false and misleading.

54.      As a direct and proximate result of NDDTF's conduct as detailed herein, NT has been and continues to be harmed.

55.     Accordingly, in addition to damages, NT seeks that NDDTF be enjoined from continuing to trade on NT's likeness, trademarks, and intellectual property and that NDDTF be compelled to remove all false and misleading advertising online, on social media, and on its website.

## COUNT I
## TRADEMARK INFRINGEMENT – LANHAM ACT 15 U.S.C. § 1114

56.     Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

57.     NT owns federal trademark registrations for the NT trademark.

58.     NT has marketed, advertised, and promoted its products and services under the NT trademark and as a result of this marketing, advertising, and promotion, the NT trademark is understood to signify the products and services of NT, and are the means by which those products and services are distinguished from those of others in the same and related fields.

59.     At all relevant times herein, Defendant has had actual and constructive knowledge and notice of the NT trademark.

60.     The activities of Defendant described herein have caused and are likely to continue to cause confusion, deception, and mistake by creating a false and erroneous impression that the products and services provided, offered, advertised, and marketed by Defendant through the NDDTF website are approved, sponsored and/or endorsed by NT, or are in some way connected

or affiliated with NT's.

61.     Upon information and belief, Defendant's violations of the Lanham Act have been and continue to be intentional, willful and without regard to NT's rights.

62.     Upon information and belief, Defendant has gained profits by virtue of its infringing actions.

63.     Upon information and belief, NT has sustained damages as a result of Defendant's violations of the Lanham Act, including a decline in sales, the erosion of its market share, the loss of goodwill, increased advertising expenses, increased web design expenses, increased search engine optimization expenses, and additional losses and damages.

64.     Unless Defendant is enjoined, Defendant will continue to promote its products and services by unlawfully using the NT trademark and intellectual property and/or other marks that are confusingly similar thereto in the United States and in this jurisdiction.

65.     NT will continue to suffer irreparable harm unless Defendant is temporarily, preliminarily, and permanently restrained from continuing to use the NT trademark and intellectual property and/or other marks that are confusingly similar thereto.

66.     Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

67.     Pursuant to 15 U.S.C. § 1117, NT is entitled to an Order requiring Defendant to account for any and all profits and other ill-gotten gains Defendant derived from its use of the NT trademark and intellectual property and/or other marks that are confusingly similar thereto, and to an Order awarding all damages sustained by NT by reason of Defendant's conduct.

68.     Defendant's actions have been willful, malicious, and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

69.     Pursuant to 15 U.S.C. § 1117, NT is entitled to recover multiplied or enhanced damages.

70.     This is an "exceptional case" under 15 U.S.C. § 1117, and therefore NT is entitled to an award of attorneys' fees and costs.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN – LANHAM ACT 15 U.S.C. § 1125

71.     Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

72.     As described above, Defendant's use of the term "Ninja Transfer" and "Ninja Transfers" has caused and is likely to continue to cause confusion, mistake, and deception among the trade as to the source of Defendant's products and services, or as to a possible affiliation, connection or association between NT and Defendant in violation of the Lanham Act 15 U.S.C. § 1125.

73.     The ongoing acts of Defendant constitute a false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125.

74.     Further, as detailed herein, Defendant's conduct in the design of the NDDTF website infringed on NT's trade dress in violation of the Lanham Act, 15 U.S.C. § 1125 by featuring the same color scheme, layout, buttons, fonts, graphics, text, links, and content of the NT website.

75.     In fact, as detailed above, such conduct brazenly copied Plaintiff's website, often neglecting to change links, text, and images such that Plaintiff's word-for-word text, images, and headings appeared on Defendant's website.

76.     Such conduct copied and infringed on Plaintiff's trade dress in an effort to market

the exact same business, and did so in a way that is confusingly similar (and often identical) to the NT website.

77.     As a result of Defendant's wrongful conduct, NT has been irreparably harmed and is facing further imminent irreparable harm for which there is no adequate remedy at law.

78.     NT will continue to suffer irreparable harm unless Defendant is temporarily, preliminarily, and permanently restrained from continuing to use the terms "Ninja Transfer" and/or "Ninja Transfers".

79.     Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

80.     Pursuant to 15 U.S.C. § 1117 (a), NT is entitled to an Order requiring Defendant to account for any and all profits and other ill-gotten gains Defendant derived from its use of term "Ninja Transfer" and/or "Ninja Transfers" and to an Order awarding all damages sustained by NT by reason of Defendant's conduct.

81.     Defendant's actions have been willful, malicious and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

82.     Pursuant to 15 U.S.C. § 1117, NT is entitled to recover multiplied or enhanced damages.

83.     This is an "exceptional case" under 15 U.S.C. § 1117, and therefore NT is entitled to an award of attorneys' fees and costs.

## COUNT III
## FALSE AND DECEPTIVE ADVERTISING – LANHAM ACT 15 U.S.C. §1125

84.     Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

85.     As described above, Defendant has engaged in various acts of false advertising and

deceptive trade practices, including, without limitation, purporting to display "Over 5,000+ reviews" on the NDDTF website to support its claim of "Thousands of 5 Star DTF Transfer Reviews", when in fact the customer reviews have been carefully selected to maintain Defendant's bogus claim of only 5-star reviews; using NT's name and claiming that customers can save 50% if they order from Defendant instead of NT—which is demonstrably false; placing its watermark on NT's videos; and making misrepresentations about the volume of their business, quality of their ink, and falsely purporting to create the "best" DTF transfers.

86.     Likewise, Defendant has made intentional misrepresentations about NT to customers for the express purpose of disparaging NT and diverting business from NT to itself.

87.     The ongoing acts of Defendant constitute false and deceptive advertising in violation of the Lanham Act, 15 U.S.C. § 1125.

88.     As a result of Defendant's wrongful conduct, NT has been irreparably harmed and is facing further imminent irreparable harm for which there is no adequate remedy at law.

89.     NT will continue to suffer irreparable harm unless Defendant is temporarily, preliminarily, and permanently restrained from continuing to misrepresent the nature, characteristics, and qualities of its goods and services in commercial advertising and promotional materials.

90.     Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

91.     Pursuant to 15 U.S.C. § 1117, NT is entitled to an Order requiring Defendant to account for any and all profits and other ill-gotten gains Defendant derived from its misrepresentations as to the nature, characteristics, and qualities of its goods and services in commercial advertising and promotion, and to an Order awarding all damages sustained by NT by

reason of Defendant's conduct.

92.     Defendant's actions have been willful, malicious and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

93.     Pursuant to 15 U.S.C. § 1117, NT is entitled to recover multiplied or enhanced damages.

94.     This is an "exceptional case" under 15 U.S.C. § 1117, and therefore NT is entitled to an award of attorneys' fees and costs.

<u>**COUNT IV**</u>
<u>**COMMON LAW TRADEMARK INFRINGEMENT**</u>

95.     Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

96.     The aforesaid conduct of Defendant constitutes trademark infringement under the common law of Pennsylvania.

97.     Unless Defendant is enjoined, Defendant will continue to promote its products and services by unlawfully using the NT trademark, NT's text, images, and other intellectual property, and/or other marks that are confusingly similar thereto in the United States and in this jurisdiction.

98.     NT will continue to suffer irreparable harm unless Defendant is temporarily, preliminarily, and permanently restrained from continuing to use the NT trademark and intellectual property, and/or other marks that are confusingly similar thereto.

99.     Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

<u>**COUNT V**</u>
<u>**UNFAIR COMPETITION / UNFAIR OR DECEPTIVE TRADE PRACTICES**</u>
<u>**73 P.S. § 201-2**</u>

100.     Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at

length herein.

101.   The Unfair Trade Practices and Consumer Protection Law ("UTPCPL") prohibits unfair methods of competition and unfair or deceptive acts or practices. *See* 73 P.S. § 201-2.

102.   Specifically, the following have been deemed unlawful in Pennsylvania:

(i) Passing off goods or services as those of another;
(ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
(iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;
…
(v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;
…
(vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
(viii) Disparaging the goods, services or business of another by false or misleading representation of fact;
…
(xi) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;
…
(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

*See* Id.

103.   The UTPCPL regulates an array of practices which might be analogized to passing off, misappropriation, trademark infringement, disparagement, false advertising, fraud, breach of contract, and breach of warranty.   *Belmont v. MB Inv. Partners, Inc.*, C.A.3 (Pa.) 2013, 708 F.3d 470.

104.   The UTPCPL provides a private remedy for all violations of the UTPCPL that might otherwise escape remedy because they do not affect the public interest and therefore would

not be subject to enforcement by the Attorney General. *In re Smith*, 866 F.2d 576, 583 (3d Cir. 1989).

105.    By the conduct detailed herein, Plaintiff's agent purchased goods from the Defendant for personal, family, and household purposes.

106.    However, in doing so, Plaintiff's agent discovered that Defendant's representations about the timing, shipping, and customer service were false, and amounted to misrepresentations.

107.    Accordingly, and as detailed more fully herein, Defendant has engaged in unfair competition and deceptive acts or practices in trade.

108.    Such conduct has caused and continues to cause harm, including to Plaintiff as detailed herein.

109.    As detailed herein, Defendant's conduct was intentional, knowing, and purposeful.

110.    Pursuant to the UTPCPL, Plaintiff is entitled to injunctive relief.

111.    Pursuant to the UTPCPL, Plaintiff is entitled to recover treble damages as well as its attorney's fees as a result of Defendant's conduct.

### **PRAYER FOR RELIEF**

**WHEREFORE**, NT prays for judgment as follows:

(a)    that Defendant be found to have willfully infringed NT's rights in and to the NT trademark under 15 U.S.C. § 1114;

(b)    that Defendant be found to have willfully engaged in false designation of origin and unfair competition with respect to its use of the term "Ninja Transfer" and "Ninja Transfers" under 15 U.S.C. § 1125;

(c)    that Defendant be found to have willfully engaged in copying and trading on the "look and feel" of the NT website under 15 U.S.C. § 1125;

(d)    that Defendant be found to have willfully engaged in false and misleading advertising under 15 U.S.C. § 1125;

(e)    that Defendant be found to have willfully infringed NT's rights in and to the NT trademark, NT's text, images, and likeness under the common law of Pennsylvania;

(f)    that Defendant has willfully violated the UTPCPL, engaged in deceptive trade practices, and engaged in unfair competition as defined by 73 P.S. § 201-2;

(g)    that Defendant's violation of the UTPCPL justifies the imposition of treble damages and attorney's fees pursuant to 73 P.S. § 201-9-2;

(h)    the Defendant and all of those acting in concert with it, including its agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from: (i) marketing promoting, distributing, selling or offering to sell any services or products under the NT trademark, and/or other marks that are confusingly similar thereto, (ii) engaging in any activity constituting false advertising, and (iii) engaging in any activity constituting unfair competition with NT, or acts and practices that deceive the public and/or trade;

(i)    that Defendant be required to take such other measures as the Court may deem appropriate to prevent the public and/or the trade from deriving the erroneous impression that the services and/or products offered by Defendant are affiliated with, sponsored by, authorized by, related to or associated in any way with NT;

(j)    that Defendant be directed to pay NT an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000) as damages for Defendant's conduct as detailed herein;

(k)    that Defendant be directed to pay to NT all profits realized by Defendant as a result of its infringement, false designation of origin and unfair competition, and false advertising pursuant to 15 U.S.C. § 1117 and other applicable laws and statutes;

(l)     that NT be awarded treble damages and three times the amount of Defendant's illicit profits pursuant to 15 U.S.C. § 1117 and other applicable laws and statutes;

(m)    that Defendant pay NT's reasonable attorneys' fees, costs, and expenses incurred in connection with this action pursuant to 15 U.S.C. § 1117 and 17 U.S.C § 505;

(n)     that NT be awarded prejudgment and post judgment interest on any monetary award made part of the judgment against Defendant; and

(o)     that NT be awarded such additional and further relief as the Court deems just and proper.


                                              Respectfully submitted,

Dated: February 2, 2024                       By: _____
                                              Anton Kaminsky, Esquire
                                              KAMINSKY LAW, LLC
                                              PA Atty. ID No. 322660
                                              207 Buck Road, Suite 2
                                              Southampton, PA 18966
                                              Tel. (215) 876-0800
                                              kaminsky.esq@gmail.com
                                              *Attorney for Plaintiff*

# EXHIBIT "A"





Order #1299

Thank you, PERSONAL INFORMATION



| | | |
|---|---|---|
| ✔ Confirmed | 🚚 On its way | 🏠 Out for delivery | 🏠 Delivered |

**Your order has been delivered**

Your order has been delivered to the address you provided. If you haven't received it, or if you have any other problems, contact us.

🔄 Re-order the same items

UPS® tracking number:
1ZG26F830121260531



Order details

Contact information
PERSONAL INFORMATION

Payment method
PERSONAL INFORMATION

Shipping address
PERSONAL INFORMATION

Philadelphia PA 19115
United States
PERSONAL INFORMATION

Billing address
PERSONAL INFORMATION

Philadelphia PA 19115
United States
PERSONAL INFORMATION

Shipping method
Express Shipping (NEXTDAY DELIVERY)

---

| | | |
|---|---|---|
| ① | DTF Gang Sheet Transfers | |
| | 22 in X 12 in | |
| | upload: https://upload.cloudlift.app/s/039f1d-2/Fnp2CYSF07.jpg | $6.00 |
| ① | DTF Gang Sheet Transfers - Gang Sheet Builder | |
| | 22 in X 24 in | |
| | Preview | $12.00 |
| | Edit | |

| | |
|---|---|
| Subtotal | $18.00 |
| Shipping | $25.99 |
| **Total** | USD **$43.99** |

# EXHIBIT "B"

**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

STATUS      DOCUMENTS      MAINTENANCE                     <u>Back to Search</u>            Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2024-02-01 16:12:37 EST |
| **Mark:** | NINJA TRANSFERS |

# NINJA TRANSFERS

| | | | |
|---|---|---|---|
| **US Serial Number:** | 97888548 | **Application Filing Date:** | Apr. 14, 2023 |
| **US Registration Number:** | 7183060 | **Registration Date:** | Oct. 03, 2023 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark, Service Mark | | |

| | | |
|---|---|---|
| **TM5 Common Status Descriptor:** |  | LIVE/REGISTRATION/Issued and Active<br><br>The trademark application has been registered with the Offic |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are d |
| **Status Date:** | Oct. 03, 2023 |
| **Publication Date:** | Jul. 18, 2023 |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | NINJA TRANSFERS |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Disclaimer:** | "TRANSFERS" |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Heat transfer paper; Thermal transfer ribbons | | |
| **International Class(es):** | 016 - Primary Class | **U.S Class(es):** | 002, 005, 022, 023, 02 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Mar. 2022 | **Use in Commerce:** | Mar. 2022 |

| | | | |
|---|---|---|---|
| **For:** | On-line retail store services featuring custom direct to film printing materials, film transfers, and thermal pap | | |
| **International Class(es):** | 035 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Mar. 2022 | **Use in Commerce:** | Mar. 2022 |

| | | | |
|---|---|---|---|
| **For:** | Custom imprinting of heat transfer paper and thermal paper ribbons | | |
| **International Class(es):** | 040 - Primary Class | **U.S Class(es):** | 100, 103, 106 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Mar. 2022 | **Use in Commerce:** | Mar. 2022 |

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

STATUS     DOCUMENTS                                          Back to Search          Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2024-02-01 16:17:27 EST |
| **Mark:** | NT NINJA TRANSFERS |



| | | | |
|---|---|---|---|
| **US Serial Number:** | 98243696 | **Application Filing Date:** | Oct. 27, 2023 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark, Service Mark | | |

| | | |
|---|---|---|
| **TM5 Common Status Descriptor:** |  | LIVE/APPLICATION/Awaiting Examination<br><br>The trademark application has been accepted by the Office ( minimum filing requirements) and has not yet been assigned |
| **Status:** | | New application awaiting assignment to an examining attorney. **See current trademark processing wait ti** |
| **Status Date:** | | Oct. 27, 2023 |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | NT NINJA TRANSFERS |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S) |
| **Description of Mark:** | The mark consists of the stylized words, "NINJA TRANSFERS" in black and to the right of a drawing; the dra and shades of light blue and dark blue throughout, containing a beige human face partially hidden by a blue and a grey head band with the black letters, "NT".. |
| **Color Drawing:** | Yes |
| **Color(s) Claimed:** | The color(s) blue, grey, beige, white and black is/are claimed as a feature of the mark. |
| **Design Search Code(s):** | 02.01.01 - Busts of men facing forward; Heads of men facing forward; Men - heads, portraiture, or busts fac men facing forward<br>04.09.01 - Face Masks (costume); Masks, Halloween (costume); Masks, theatrical masks |

## Goods and Services

**Note:**

The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | Decals; Stickers; Heat transfer paper; Printed materials in the nature of decals for electronics, accessories, transfer ribbons |

| | | | |
|---|---|---|---|
| **International Class(es):** | 016 - Primary Class | **U.S Class(es):** | 002, 005, 022, 023, 02 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Aug. 28, 2023 | **Use in Commerce:** | Aug. 28, 2023 |

| | | | |
|---|---|---|---|
| **For:** | On-line retail store services featuring custom direct to film printing materials, film transfers, custom stickers, | | |
| **International Class(es):** | 035 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Aug. 07, 2023 | **Use in Commerce:** | Aug. 07, 2023 |

| | | | |
|---|---|---|---|
| **For:** | Custom imprinting of heat transfer paper and thermal paper ribbons; Custom imprinting of sticker sets | | |
| **International Class(es):** | 040 - Primary Class | **U.S Class(es):** | 100, 103, 106 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Aug. 07, 2023 | **Use in Commerce:** | Aug. 07, 2023 |

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

# EXHIBIT "C"

## Thousands of 5 Star DTF Transfer Reviews

Our Customer Reviews

**Michael s.**
★★★★★

Prints came out nice thank you

**Linda O.**
★★★★★

Beautiful , Great quality made just as pictured.Fast shipping. Very friendly and helpful.Thank you for all your help.

**Joel C.**
★★★★★

DTFs turned out great. Shipping g was good. Support this business.

## Thousands of 5 Star DTF Transfer Reviews

Our Customer Reviews

**Linda O.**
★★★★★

Beautiful , Great quality made just as pictured.Fast shipping. Very friendly and helpful.Thank you for all your help.

**Joel C.**
★★★★★

DTFs turned out great. Shipping g was good. Support this business.

**Damien P.**
★★★★★

I loved it, and shipping is fast, excellent attention

## Thousands of 5 Star DTF Transfer Reviews

Our Customer Reviews

Melissa A.
★★★★★

NextDayDTF is my transfer treasure trove! A year in, and their DTF transfers are my creative fuel. Great service, quality transfer, I'm a happy artist

Bryan T.
★★★★★

They came out perfect! This is my 3rd order.. the shipping was fast

Merry B.
★★★★★

Nextdaydtf is the best hands down. When I need a DTF I'm ordering from this company. Customer service is amazing and needles to say shipping time is faster than a blink of an eye. You will not be disappointed